IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Sarah Crawford, on her own behalf and on behalf of the estate of Ralph Crawford,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA CROP PROTECTION, LLC, and JOHN DOES 1-50,<br><br>Defendants. | Civil Action No. _____<br><br>**(Formerly N22C-04-006 SKR in the Superior Court of Delaware)** |

## NOTICE OF REMOVAL

Defendant Syngenta Crop Protection LLC ("Syngenta"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1367, hereby removes the above-captioned action from the Superior Court of Delaware, case number N22C-04-006 SKR, to the United States District Court for the District of Delaware. In support of removal, Syngenta provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## NATURE OF REMOVED ACTION

1. On April 1, 2022, Plaintiff Sarah Crawford, on her own behalf and on the behalf of the estate of Ralph Crawford, filed this action, *Crawford et al. v. Syngenta Crop Protection LLC, et al.*, in the Superior Court of Delaware, case number N22C-04-006 SKR, alleging claims based upon exposure to products containing paraquat by Ralph Crawford and his subsequent diagnosis with Parkinson's disease.

2. The Complaint asserts causes of action for strict liability, negligence, breach of implied warranty of merchantability, and wrongful death. It also prays for punitive damages.

3. The thrust of Plaintiff's allegations is that by manufacturing, distributing, or selling products containing paraquat, Defendants exposed her husband, Ralph Crawford, to an increased

likelihood of developing Parkinson's disease, a disease that he was later diagnosed with and died from.

4. This alleged conduct purportedly harmed Plaintiff and her husband in the form of pain, suffering, emotional distress, loss of enjoyment of life, medical expenses, out of pocket lost earnings, personal injuries, and other noneconomic damages.

5. Over 900 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta in federal courts around the country, and consolidated into a multidistrict litigation in the Southern District of Illinois.  *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).  Discovery is proceeding in the MDL, and new cases are regularly being directly filed or transferred to it.  By filing this case in state court, Plaintiff seeks to avoid the MDL, which is designed to ensure the most efficient and orderly administration of a large number of cases presenting common issues of law and fact.

6. This case is subject to removal based on diversity jurisdiction.  Complete diversity exists between the parties, and the amount-in-controversy requirement is easily met for a case of this nature.  Although Syngenta is a citizen of Delaware, Syngenta has not yet been served in this action, and therefore removal is proper under Third Circuit precedent, notwithstanding the forum-defendant exception to diversity jurisdiction.  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (explaining process for "snap removal," where at-home defendants can remove actions to federal court based on diversity jurisdiction if they have not been properly served).

7. Plaintiff's claims are also removable because they arise under federal law.  The claims are premised on the breach of duties governed by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq*. ("FIFRA"), as regulated and enforced by the

Environmental Protection Agency ("EPA"). *See, e.g.*, 7 U.S.C. § 136a (EPA must register any pesticide, including herbicides, before it is sold domestically after weighing the economic, social, and environmental benefits and costs of the product); *id*. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and specifically mandates warnings for pesticides that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (making it illegal to use any pesticide "in a manner inconsistent with its labeling"); 40 C.F.R. § 152.160 (paraquat is a "restricted use" pesticide and may only be applied by a certified "restricted use" applicator or someone acting under a certified applicator's "direct supervision"); *id*. §§ 171.103, 171.105 (pesticide applicators are taught to read and understand warnings and instructions for paraquat and must take "[m]easures to avoid or minimize adverse health effects").

8. Because any duties relating to paraquat arise exclusively from federal law—FIFRA and its underlying regulations—alleged violations of federal law form the basis for the underlying claims. It would be illegal for any state to require that a paraquat label include a warning about the risk of developing Parkinson's disease because EPA has determined that no causal link exists. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); EPA, Paraquat Dichloride: Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307 ("[T]he weight of evidence [is] insufficient to link paraquat exposure from pesticidal use of U.S. registered products to [Parkinson's disease] in humans.").

9. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached as **Exhibit A** ("Compl."). A copy of the State Civil Cover Sheet is attached as **Exhibit B**. A copy of the State docket, showing all filings and activity to date, is attached as **Exhibit C**.

## TIMELINESS OF REMOVAL

10. No Defendant has been served with a copy of the Complaint filed in the Superior Court of Delaware. Defendants have not otherwise responded to the Complaint in state court. Accordingly, this notice of removal is timely. *See, e.g.*, 28 U.S.C. § 1446(b) (notice of removal must be filed within 30 days of defendants being served); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins to run upon service of summons and complaint).

## PROPRIETY OF VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the Superior Court of Delaware, where the state court action was pending prior to removal, is a state court within this federal district and division.

## BASIS OF REMOVAL

### Diversity Jurisdiction

12. Removal is proper under 28 U.S.C. §§ 1332 and 1441 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

13. Plaintiff Sarah Crawford is a citizen of Tennessee. Compl. ¶ 7.

14. Syngenta is an LLC with its headquarters in Greensboro, North Carolina. Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. "[T]he citizenship of an LLC is determined by the citizenship of its members[,]" and "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (internal quotation marks omitted). Thus, Syngenta's citizenship

traces through that of its sole member Syngenta Seeds, LLC, which in turn traces back to its own sole member—Syngenta Corporation. Based on Syngenta Corporation's Delaware citizenship, Syngenta Seeds, LLC and Syngenta Crop Protection, LLC are Delaware citizens. *See also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104–05 (3d Cir. 2015) ("The state of organization and the principal place of business of an unincorporated association are legally irrelevant." (footnote omitted)).

15. John Does 1-50 are sued under fictitious names. Compl. ¶ 10. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Any citizenship of the Does therefore may not be considered for purposes of assessing diversity.

16. Therefore, complete diversity exists among the named parties.

17. The amount in controversy also exceeds $75,000. A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

18. The amount in controversy is met because Plaintiff seeks substantial monetary damages for pain, suffering, emotional distress, loss of enjoyment of life, medical expenses, out of pocket lost earnings, personal injuries, and other noneconomic damages. Compl. 18-19, ¶¶ 1–3. Plaintiff further seeks punitive damages and costs. *Id.* at 19, ¶ 4. The costs of Ralph Crawford's medical treatment alone could exceed $75,000. *See* Matthew Gavidia, "Study Details Economic Burden of Parkinson's Disease in the United States," (June 3, 2020),

https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states.[1]

34. The forum-defendant exception to removal based on diversity of citizenship, stated in 28 U.S.C. § 1441(b)(2), does not apply because Syngenta has not yet been served in this action. *See Encompass Ins.*, 902 F.3d at 152–54 ("[Section 1441(b)(2)'s] plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").

### Federal Question Jurisdiction

39. Removal is proper in the alternative under 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims present a substantial federal question.

40. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

41. The well-pleaded complaint rule governs whether a case arises under federal law for purposes of § 1331. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). But the artful-pleading doctrine "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). "[A] plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *Id.*

42. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see*

---

[1] If Syngenta is mistaken on the amount of claimed damages, it invites Plaintiff to stipulate that the alleged damages do not exceed $75,000.

-6-

*also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").

      **A.**    **Plaintiff's Claims Implicate a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Court.**

43.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313–14).

44.     Where, as here, purported state law claims are premised on violations of duties governed by a federal statute, these requirements are satisfied and a federal court has jurisdiction over those claims. *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 722–23 (5th Cir. 2017) (concluding that federal question jurisdiction exists because claims were premised on failure to satisfy standard of care established in federal statute); *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding a federal question was raised where "Plaintiff's dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law").

45. As set forth below, all four requirements for federal jurisdiction over Plaintiff's claims are satisfied.

46. Although Plaintiff couches her claims as violations of "state law," she necessarily bases her underlying theory of liability on alleged violations of federal law or alleged duties arising out of federal law, specifically FIFRA. Plaintiff expressly acknowledges that FIFRA imposes specific duties on entities that manufacture or sell paraquat, and that the EPA enforces those duties. Compl. ¶¶ 48–58. Given that all of the duties at issue are governed by federal law, Plaintiff's claim that she "seek[s] relief in this action only under state law" and not under FIFRA is unpersuasive. *Id*. at 58.

47. FIFRA and its implementing regulations are the exclusive source of the asserted legal duties regarding the labeling, handling, and use of paraquat. *See, e.g.*, 7 U.S.C. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and mandates warnings that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (it is illegal to use any pesticide "in a manner inconsistent with its labeling"). Indeed, states are *prohibited* from imposing "labeling or packaging" requirements "in addition to or different from" those required under federal law. *Id*. § 136v(b); *see also Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012) (such language "sweeps widely—and in so doing … prevents a State from imposing any additional or different—even if non-conflicting—requirements that fall within the scope of the" federal law). Accordingly, Plaintiff's claims are necessarily governed by the federal requirements under FIFRA and require interpretation of that statute, as any additional or different duties would be preempted.

48. Plaintiff's theories of liability against Defendants, as pleaded in the Complaint, are thus predicated on allegations that they breached alleged duties owed under FIFRA regarding the distribution and sale of paraquat. Plaintiff asserts, *inter alia,* that Defendants should have included

additional or different information on the labels for paraquat products even though the information on those labels is directly approved by the EPA and federal law prohibits any state law from imposing different requirements.

49. The federal question presented by Plaintiff's claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

50. **First**, Plaintiff's claims necessarily require resolution of a federal question—i.e., what obligations and duties did Defendants have under FIFRA to warn about a hypothesized connection between paraquat and Parkinson's disease? *See, e.g.*, *North Carolina ex rel. N.C. Dep't of Admin. v. Alcoa Power Generating, Inc.*, 853 F.3d 140, 146 (4th Cir. 2017) ("Regardless of the allegations of a state law claim, 'where the vindication of a right under state law necessarily turns on some construction of federal law,' the claim arises under federal law and thus supports federal question jurisdiction under 28 U.S.C. § 1331." (alteration omitted))

51. **Second**, this federal issue is "actually disputed" because the parties disagree as to the existence and scope of the alleged duties arising under FIFRA. Specifically, the parties dispute whether Defendants had an obligation to warn about, or protect the public from, the alleged association between paraquat and Parkinson's disease, despite the fact that the EPA—the expert agency with regard to all pesticides—has concluded that no such connection exists. *See* EPA, Paraquat Dichloride: Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307.

52. The key legal issue in this proceeding—whether exposure to paraquat creates an increased risk of developing Parkinson's disease—is currently under review in the Ninth Circuit. *See* Petition for Review, *Cal. Rural Legal Assistance Found. v. E.P.A.,* No. 21-71287 (9th Cir.

2021).  The petitioners in that action seek to "set aside, in whole or in part" the EPA's determination that there is insufficient evidence to establish a causal relationship between exposure to paraquat and Parkinson's disease.  *Id.* at 2; *id.* Ex. A at 59.  The Ninth Circuit's review of a federal agency's determination regarding the key legal issue in this proceeding—whether there is evidence of a causal relationship between paraquat and Parkinson's disease—is clear confirmation that this lawsuit centers on a disputed federal issue.

53. **Third**, the federal issue presented by Plaintiff's claim is "substantial."  *Gunn*, 568 U.S. at 258.  "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole."  *Id.* at 260.  Among other things, the Court must assess whether the federal government has a "strong interest" in the federal issue at stake and whether allowing state courts to resolve the issue will "undermine 'the development of a uniform body of [federal] law.'"  *Id.* at 260–61 (quoting *Grable*, 545 U.S. at 315; *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989)).  "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  *Grable*, 545 U.S. at 312.

54. Congress recognized the importance of a nationwide approach to the EPA's regulation of pesticides when it enacted FIFRA.  *See Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1205–06 (9th Cir. 2002) ("Congress has afforded the EPA substantial enforcement powers under FIFRA").  FIFRA recognizes the uniquely federal interest in regulating pesticides across the nation and expressly excludes the authority of states to do so.  *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 444 (2005)

(creating a two-part test for analyzing preemption under FIFRA). Federal courts are uniquely empowered to answer questions regarding the scope of FIFRA and to evaluate the EPA's decision-making, including with regard to paraquat and Parkinson's disease. *See Cal. Rural Legal Assistance Found. v. E.P.A.*, No. 21-71287 (9th Cir. 2021).

55. Removal is especially appropriate here because Plaintiff's action is one of hundreds of similar actions nationwide, over 900 of which are pending in the Paraquat MDL in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).

56. **Fourth**, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Indeed, federal courts are afforded exclusive jurisdiction to hear challenges to the EPA's authority to enforce FIFRA. *See* 7 U.S.C. § 136n. Litigating this case in a state court runs the risk of the state court applying federal requirements in a manner either in tension or in conflict not only with federal courts' application of those requirements but also with the way that the EPA—the federal agency tasked with enforcing FIFRA—applies them. The pending petition for review in the Ninth Circuit regarding the EPA's determination regarding paraquat and Parkinson's disease illustrates that federal courts are uniquely situated to answer the central legal questions in this lawsuit. Federal jurisdiction is therefore properly exercised to resolve "disputed issues of federal law" under FIFRA.

    **B.    The Court Can Exercise Supplemental Jurisdiction.**

57. If the Court determines that some, but not all, of Plaintiff's claims implicate a substantial federal question, the Court can evaluate whether to retain the non-federal claims under the doctrine of supplemental jurisdiction, which grants jurisdiction over state claims forming part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

58. It is not necessary to establish that *all* of Plaintiff's causes of action raise a federal

question to establish federal jurisdiction. Even if Plaintiff could prove one or more of those counts without establishing a violation of federal law, "[n]othing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

59. Because the Court has original jurisdiction over at least some counts against Defendants, it has supplemental jurisdiction over Plaintiff's remaining counts against the Defendants, which are so related that they form part of the same case or controversy.

## OTHER REMOVAL ITEMS

60. All Defendants consent to removal, as Syngenta is the only Defendant whose consent is required. *See* 28 U.S.C. § 1441(b)(1).

61. By filing this Notice of Removal, Syngenta expressly reserves, and does not waive, any and all defenses that may be available, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of removal to this Court, Syngenta requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

62. Under 28 U.S.C. § 1446(d), Syngenta is contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and serving this Notice of Removal on Plaintiff.

WHEREFORE, Syngenta removes this action, now pending in the Superior Court of Delaware, case number N22C-04-006 SKR, to this Court.

-13-

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                /s/ Lauren K. Neal
                John P. DiTomo (#4850)
                Lauren K. Neal (#5940)
                Alexandra M. Cumings (#6146)
                1201 North Market Street
                Wilmington, DE  19801
                (302) 658-9200
                jditomo@morrisnichols.com
                lneal@morrisnichols.com
                acumings@morrisnichols.com
                  *Attorneys for Defendant Syngenta Crop Protection LLC*

April 5, 2022

## **CERTIFICATE OF SERVICE**

I, Alexandra M. Cumings, hereby certify that on April 5, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

Additionally, I caused copies of the foregoing to be served via electronic mail and Federal Express to counsel for Plaintiffs in *Sarah Crawford v. Syngenta Crop Protection, LLC, Chevron U.S.A., Inc., and John Does 1-50*, N22C-04-006 (Del. Super. Ct.) at the following address:

> Raeann Warner
> JACOBS & CRUMPLAR, P.A.
> 750 Shipyard Dr., Suite 200
> Wilmington, DE 19801
> Raeann@jcdelaw.com
>
> Aimee H. Wagstaff
> WAGSTAFF LAW FIRM
> 940 N. Lincoln Street
> Denver, CO 80203
> Awagstaff@wagstafflawfirm.com

> /s/ *Alexandra M. Cumings*
> Alexandra M. Cumings (#6146)